UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAPHER YOSUF RAJAB,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 5:22-CV-05053-KES<br><br>ORDER DENYING MOTION FOR RELEASE (DOC. 12) |

　　　　Petitioner filed a motion requesting release pending the resolution of his § 2255 petition. (Doc. 12). As grounds for the motion, Mr. Rajab states that he is innocent of any crime, he is not a flight risk, he is not a danger to the community or himself, he will obey all laws and orders of the court, and that he suffers from mental health conditions and his incarceration is not a healthy environment for him. Id.

　　　　Mr. Rajab was convicted by a jury of Attempted Enticement of a Minor Using the Internet in violation of 18 U.S.C. § 2422(b). On November 20, 2020, Mr. Rajab was sentenced to 120 months imprisonment. He timely appealed his conviction arguing some of the same grounds he raises in his § 2255 petition; namely, whether a conviction is legally permissible if an undercover officer posed as a fictional victim rather than an actual minor, whether the evidence was sufficient to support his conviction, and whether the jury was property instructed. The Eighth Circuit Court of Appeals rejected Mr. Rajab's arguments and affirmed judgment on

January 14, 2022.  The United States Supreme Court denied Mr. Rajab's petition for Writ of Certiorari.

Mr. Rajab fails to cite any legal authority in support of his motion.  However, this Court will proceed to consider the merits of Petitioner's request, because it has "inherent authority to release an inmate on bail pending a decision for a writ of habeas corpus or a motion under § 2255, but that authority is to be used sparingly." Alton v. United States, 928 F. Supp. 885, 889 (E.D. Mo. 1996) (citing Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985). District courts may exercise such power if an inmate shows not only a substantial constitutional claim but also exceptional circumstances meriting special treatment in the interests of justice. Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986).

Several of Mr. Rajab's claims have already been rejected by the Eighth Circuit on appeal.  The court finds that Mr. Rajab has not demonstrated the existence of a substantial constitutional issue on which he is likely to prevail and no exceptional circumstances are present which require Mr. Rajab's immediate release in the interests of justice.

Petitioner has been sentenced to prison after a jury trial, and this Court will in due course carefully consider his petition for habeas relief pursuant to 28 U.S.C. § 2255. At this moment, however, Petitioner has not met the extremely high threshold required for release pending habeas review. Therefore, the motion for release is denied.

DATED this 16th day of June, 2022.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge