UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAPHER YOUSEF RAJAB,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 5:22-CV-5053-KES<br><br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND (DOC. 23) AND RESPONDENT'S MOTION TO EXTEND (DOC. 27) |

　　　This matter is before the court on petitioner Japher Yousef Rajab's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See Docket No. 1.  Mr. Rajab now moves to amend his motion.  See Docket No. 23.  The United States of America has not filed a response to the motion to amend.  This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and South Dakota District Court Local Rule 57.11B.

　　　Motions to amend are freely granted when justice so requires. FED. R. CIV. P. 15(a).  Leave to amend is denied only if evidence exists "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Roberson v. Hayti Police Dep't., 241 F.3d 992, 995 (8th Cir.

2001) (citing Foman v.Davis, 371 U.S. 178, 182 (1962)); Ingrim v. State Farm Fire & Casualty Co., 249 F.3d 743, 745 (8th Cir. 2001).  Motions to amend should be denied when the amendment would be futile.  Plymourth County, Iowa v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2015); Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (citing Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)).  The party opposing the amendment bears the burden of proving that some reason exists to deny leave to amend.  Roberson, 241 F.3d at 995; Sanders v. Clemco Indus., 823 F.2d 214 (8th Cir. 1987).

 Here, Mr. Rajab's seeks to add new grounds for relief in the motion which are very similar to the grounds he asserted in his initial 2255 motion; in fact, some appear to be simply worded differently.  For example, in his initial motion, he alleges ineffective assistance of counsel for generally not objecting to jury instructions.  In the motion to amend, he specifies one specific jury instruction.  Additionally, in the motion to amend, he raises two additional grounds for his ineffective assistance of counsel argument.

 The government has not filed a response to Mr. Rajab's motion to amend.  The burden is on the government to demonstrate grounds why Mr. Rajab should not be allowed to amend; and no such showing has been made.  The court notes that the government seeks an extension of time to respond to Mr. Rajab's initial 2255 motion.  (Doc. 27).  The court finds that in the interest of efficiency, the government should respond to all of Mr. Rajab's allegations in its response.  Accordingly, it is hereby

ORDERED that Mr. Rajab's motion to amend (Docket No. 23) is granted. The government shall file a supplemental affidavit, if necessary, on or before September 16, 2022.  It is further

ORDERED that the Motion for Extension of Time (Docket 27) is granted. The government shall file its response to the amended motion on or before September 30, 2022.

DATED this 1st day of September, 2022.

BY THE COURT:

_____
Daneta Wollmann
United States Magistrate Judge