UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAPHER YOSUF RAJAB,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:22-CV-05053-KES<br><br>ORDER DENYING MOVANT'S MOTION TO RECONSIDER, MOTION TO AMEND AND SUPPLEMENT § 2255 MOTION, RULE 60(b) MOTION, AND MOTION FOR NEW TRIAL |

Movant, Japher Yosuf Rajab, filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. Docket 1. Magistrate Judge Daneta Wollmann submitted a report and recommended that respondent's motion to dismiss (Docket 32) be granted, without holding an evidentiary hearing, and that Rajab's § 2255 motion be dismissed with prejudice. Docket 38. The government filed a notice of no objections. Docket 41. Rajab did not file any objections to the report and recommendation. After the time for objecting to the report and recommendation had passed, Rajab's mother sent a letter to the court. Docket 42. The court considered the case de novo and adopted the magistrate judge's report and recommendation in full. Docket 43. Rajab's § 2255 motion, as amended and supplemented by Dockets 3, 18, 23, 29, 36, and 37, was dismissed with prejudice and judgment was entered in favor of the United States. Docket 43 at 4; Docket 44. A certificate of appealability was

denied. Docket 43 at 4. After the court entered judgment in favor of the United States, Rajab filed a motion for discovery (Docket 45) and a Rule 59(e) motion to alter or amend the judgment (Docket 46). The court denied Rajab's post-judgment motions. Docket 52.

Rajab filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from the October 25, 2023 order and judgment dismissing his § 2255 motion with prejudice. Docket 47. The Eighth Circuit construed Rajab's notice of appeal as an application for a certificate of appealability, which the Eighth Circuit denied, and dismissed Rajab's appeal. Docket 56.

While Rajab's appeal was pending, Rajab filed a motion to amend and supplement his § 2255 motion. Docket 54. The court denied Rajab's motion without prejudice because of the pending appeal. Docket 55. After the Eighth Circuit dismissed his appeal, Rajab filed four additional motions requesting that the court reconsider its Order Adopting the Report and Recommendation in Full and Granting Respondent's Motion to Dismiss, Docket 43. *See* Docket 57 (motion for reconsideration of order denying post-judgment motion to amend); Docket 60 (motion to amend and supplement § 2255 motion); Docket 63 (motion to reopen case pursuant to Rule 60(b)(1), (2), and (4)); Docket 64 (motion for new trial). Rajab's pending motions repeat arguments he has previously raised, and this court has rejected. For the reasons outlined below, Rajab's motions are denied.

**DISCUSSION**

I. **Motion for Reconsideration of Order Denying Post-Judgment Motion to Amend (Docket 57)**

According to Rajab, his motion for reconsideration includes "extra material" that will supplement the arguments raised in his § 2255 motion. Docket 57 at 1. Based on the court's review of Rajab's motion, it appears that it is a summary of trial testimony Rajab contends establishes his "actual, and factual, legal innocence, and lack of requisite intent[.]" *Id.* at 26. The magistrate judge and this court have already rejected these arguments. Federal Rule of Civil Procedure 15 does not permit Rajab to file a post-judgment motion to amend his § 2255 motion to provide "extra material" to bolster arguments that have already been rejected, especially when there is no reason that the "extra material" could not have been submitted in support of the initial § 2255 motion. Rajab's motion for reconsideration of order denying post-judgment motion to amend (Docket 57) is denied.

II. **Motion to Amend and Supplement § 2255 Motion (Docket 60)**

Rajab seeks to "bring forth" four exhibits that he contends are "crucial, and of critical importance to this case." Docket 60 at 1. The proposed exhibits (Doc. 60-1) are pleadings from the Wyoming Department of Workforce Services and the District of Wyoming related to Rajab's hostile work environment claim against his former employer. The alleged workplace harassment took place from July 8, 2016, through April 27, 2017. Docket 60-1 at 14. All the proposed exhibits are dated and were filed and served before Rajab filed this § 2255 motion on May 31, 2022. *See* Docket 1; Docket 60-1. There is no reason Rajab

could not have attached the proposed exhibits to his initial § 2255 motion. Finally, this court has previously rejected Rajab's argument that the dismissal of his § 2255 motion should be vacated based on his lawsuit for harassment and post-traumatic psychological reaction. *See* Docket 52 at 4. For these reasons, Rajab's motion to amend and supplement (Docket 60) is denied.

### III.   Rule 60(b) Motion (Docket 63)

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rajab seeks relief from the judgment dismissing his § 2255 motion under Rule 60(b)(1), (2), and (4). Docket 63. "A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotation omitted).

In support of his request for relief under Rule 60(b)(1), Rajab argues that the trial court erred by dismissing entrapment as a defense and not instructing the jury on the issue. Docket 63 at 5–6. Rule 60(b)(1) does not permit Rajab to seek relief from a habeas court based on a mistake the trial court allegedly

4

made. Further, Rajab did not raise this alleged error by the trial court in his direct appeal following his conviction. *See United States v. Rajab*, 23 F.4th 793 (8th Cir. 2022). In fact, Rajab did not formally assert the defense during his criminal trial. Thus, as the magistrate judge noted in the report and recommendation, the issue is procedurally defaulted. Docket 38 at 19. The court also agrees with the magistrate judge's conclusion that even if the issue was not procedurally defaulted, Rajab has not demonstrated that he was entrapped. *Id.* Rajab is not entitled to relief under Rule 60(b)(1) because the trial court did not instruct the jury on entrapment.

Rajab argues that he is entitled to relief under Rule 60(b)(4) because all his claims were not adequately addressed, rendering the judgment void. Docket 63 at 7–9. These allegations, even if true, are not a basis for relief under Rule 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Rajab is not entitled to relief under Rule 60(b)(4).

Finally, Rajab argues that he is entitled to relief under Rule 60(b)(2) based on newly discovered evidence. Docket 63 at 2–5. Specifically, Rajab contends that this court should set aside the dismissal of his § 2255 motion based on the excerpts of testimony from his criminal trial quoted and summarized in his motion for reconsideration (Docket 57). Docket 63 at 2. Rajab did not have his trial transcript before the court dismissed his § 2255

5

motion because he "didn't think [he] needed them." *Id.* Rajab also contends that the four exhibits attached to his motion to amend and supplement (Docket 60) "should have been available during [his] trial but was not due to trial counsel's deficient investigation." Docket 63 at 4. To prevail on a Rule 60(b) motion based on newly discovered evidence, Rajab must show that the evidence was discovered after the court dismissed his § 2255 motion, that he exercised due diligence to discover the evidence before the dismissal of his motion, that the evidence is material, and that considering the evidence would probably produce a different result. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998).

With respect to the trial transcripts, Rajab fails to show that he exercised due diligence to obtain the trial transcripts before the court dismissed his § 2255 motion. The court has previously noted that there is no reason Rajab could not have attached to his § 2255 motion the pleadings from the Wyoming Department of Workforce Services and the District of Wyoming related to Rajab's hostile work environment claim against his former employer. The purported newly discovered evidence is not "new." If Rajab had exercised due diligence, he could have presented this evidence before the court dismissed his § 2255 motion. Rajab is not entitled to relief under Rule 60(b)(2). Rajab's Rule 60(b) motion (Docket 63) is denied.

### IV.   Motion for a New Trial (Docket 64)

Rajab moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. Docket 64. Rajab's motion is "based on newly available

6

evidence that [he] [has] presented" in his filings after the dismissal of his § 2255 motion. *Id.* at 2. Federal Rule of Criminal Procedure 33(b)(1) provides "[a]ny motion for a new trial grounded on newly discovered evidence must be filed with in 3 years after the verdict[.]" The jury returned a verdict finding Rajab guilty on December 11, 2019. *United States v. Rajab*, 5:19-CR-50109-KES (D.S.D.) at Docket 42. Rajab's motion for a new trial (Docket 64) is untimely and therefore is denied.

## CONCLUSION

Thus, it is ORDERED:

1. That Rajab's motion for reconsideration (Docket 57) is denied.

2. That Rajab's motion to amend and supplement § 2255 motion (Docket 60) is denied.

3. That Rajab's Rule 60(b) motion (Docket 63) is denied.

4. That Rajab's motion for a new trial (Docket 64) is denied.

DATED November 4, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE