UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAPHER YOSUF RAJAB, | 5:22-CV-05053-KES |
| Movant, | |
| vs. | ORDER DENYING MOVANT'S RULE 60(b) MOTION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Movant, Japher Yosuf Rajab, filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 raising several grounds for relief. *See* Docket 1 at 6-10; *see also* Dockets 3, 8, 18, 23, 29, 36, and 37 (Rajab's supplements to his habeas motion). Magistrate Judge Daneta Wollmann submitted a report and recommended that respondent's motion to dismiss (Docket 32) be granted and that Rajab's § 2255 motion be dismissed with prejudice. Docket 38 at 30. On October 25, 2023, the court adopted the report and recommendation and dismissed Rajab's § 2255 motion with prejudice. Docket 43 at 4. That same day, the court also entered judgment against Rajab. Docket 44. Following dismissal of Rajab's § 2255 motion, Rajab filed a motion to compel discovery, Docket 45, and a motion to amend judgment pursuant to Rule 59(e), Docket 46. The court denied both motions. Docket 52.

On December 18, 2023, Rajab filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit from the October 25, 2023 order and judgment dismissing his § 2255 motion. Docket 47. On January 18, 2024, the Eighth Circuit dismissed Rajab's appeal. Docket 56. While Rajab's appeal was pending, Rajab filed a motion to amend and supplement his § 2255 motion.

Docket 54. The court denied Rajab's motion without prejudice because of the pending appeal. Docket 55.

Following the denial of his appeal to the Eighth Circuit, Rajab filed four additional motions requesting the court reconsider its Order Adopting the Report and Recommendation in Full and Granting Respondent's Motion to Dismiss (Docket 43). *See* Docket 57 (motion for reconsideration of order denying post-judgment motion to amend); Docket 60 (motion to amend and supplement § 2255 motion); Docket 63 (motion to reopen case pursuant to Rule 60(b)(1), (2), and (4)); Docket 64 (motion for new trial). The court denied all four motions on November 4, 2024. *See* Docket 65. Rajab filed a notice of appeal to the Eighth Circuit from the court's November 4, 2024 order denying his four motions. Docket 66. The Eighth Circuit construed Rajab's notice of appeal as an application for a certificate of appealability, which the Eighth Circuit denied, and dismissed Rajab's appeal. Docket 70.

On April 21, 2025, Rajab moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Docket 73. Rajab also filed a motion to consolidate. Docket 74. In his motion, Rajab seeks to consolidate several documents previously submitted to the court and newly submitted exhibits, including documents relating to "the Wyoming Department of Workforce Services, and . . . the hostile work environment claim against [his] former employer" with his Rule 60(b)(6) motion.[1] *Id.* at 1-2 (asking the court to consolidate Dockets 3, 8, 54, 57, 60, and

---

[1] The court construes Rajab's motion to consolidate as a motion to supplement his Rule 60(b)(6) motion. As such, the court grants Rajab's motion to supplement (Docket 74) his Rule 60(b)(6) motion.

63 and the newly attached exhibits with his Rule 60(b)(6) motion); *see also* Docket 73 at 2-6 (Rajab referencing exhibits attached at Docket 74). Rajab also filed a notice and an addendum/clarification to his Rule 60(b)(6) motion. *See* Docket 76; Docket 77. On November 20, 2025, Rajab moved for a temporary stay of sex offender registration pending a ruling on his Rule 60(b)(6) motion.[2] Docket 78. The court issues the following order.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is available only in "extraordinary circumstances" that "rarely occur in the habeas context." *Buck v. Davis*, 580 U.S. 100, 112-13 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Before a court determines whether extraordinary circumstances exist under Rule 60(b)(6), the court must consider whether the movant filed his Rule 60(b) motion "within a reasonable time . . . after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

But in the habeas context, when a movant files a Rule 60(b) motion after the dismissal of his § 2255 motion, the court "conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under . . . 28 U.S.C. § 2255." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam); *see also Gonzalez*, 545 U.S.

---

[2] Because the court denies Rajab's Rule 60(b)(6) motion, Rajab's motion for a stay (Docket 78) is denied as moot.

at 532-33 (reasoning that a Rule 60(b) motion may "proceed as denominated" depending on the nature of the relief the motion seeks). Thus, when a habeas movant attempts to couch substantive claims in a Rule 60(b) motion that presents "new claims for relief," the court must treat the Rule 60(b) motion as a second or successive habeas corpus application. *Gonzalez*,[3] 545 U.S. at 531 (noting that "new claims for relief" may include Rule 60(b)(6) motions that "seek leave to present 'newly discovered evidence' . . . in support of a claim previously denied," and those that "contend that a subsequent change in substantive law is a 'reason justifying relief' "). Though labeled a Rule 60(b) motion, if it contains one or more claims, it is in substance a successive federal habeas petition, and the district court is without jurisdiction to rule on the motion unless the court of appeals authorizes a second or successive petition. *See id.*; 28 U.S.C. § 2244(b)(3)(A).

Conversely, "[n]o claim is presented if the motion attacks 'some defect in the integrity of the federal habeas proceedings.' " *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 532). "[A] motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.' " *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4); *see also Gonzalez*, 545 U.S. at 538 (holding that, in the habeas context, a proper Rule 60(b) motion is one that "challenges only the District Court's failure to reach the merits"). "If neither the

---

[3] While the analysis under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), arose in the § 2254 context, *see Gonzalez*, 545 U.S. at 533-35, the analysis has also been applied to cases arising under § 2255, *see, e.g.*, *Rouse v. United States*, 14 F.4th 795, 799-800 (8th Cir. 2021); *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018); *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (per curiam).

motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction," the Rule 60(b) motion can "proceed as denominated." *Gonzalez*, 545 U.S. at 533.

## I.    Successive Habeas Petition

In his Rule 60(b)(6) motion, Rajab asserts that a federal basis for relief exists because there was insufficient evidence to show that he knew that the alleged victim was 15 years old. *See* Docket 73 at 1-3. Rajab also argues that his trial counsel provided ineffective assistance because she "fail[ed] to provide [Rajab] with a complete defense." *Id.* at 3-4. As such, Rajab concludes that he is "actually, and factually innocent of th[e] alleged crime, and [he] ha[s] been wrongly convicted due to the ineffectiveness of counsel." *Id.* at 6.

In his notice and addendum/clarification, Rajab argues that his Rule 60(b)(6) motion concerns "a defect in the integrity of the § 2255 proceeding, rather than re-litigating the merits of his conviction." Docket 77 at 1-2 (arguing that his "Rule 60(b)(6) motion seeks only to restore the integrity of the original habeas review – not to advance a new substantive claim"); *see also* Docket 76 at 1. Rajab argues that the order denying his § 2255 motion was defective because the government "failed to comply with this [c]ourt's prior order requiring a full and complete response to all § 2255 claims and supporting documentation." Docket 76 at 1; Docket 77 at 1-2. Rajab concludes that due to this error, the court "inadvertently dismissed the § 2255 motion without consideration of the supplemental material, constituting a procedural defect" under *Gonzalez*. Docket 76 at 1.

The court finds that Rajab has failed to show that his Rule 60(b)(6) motion is one that "challenges only the District Court's failure to reach the merits." *Gonzalez*, 545 U.S. at 538. Beyond Rajab's conclusive determination that the government failed to fully respond to his § 2255 claims and supporting documentation he filed, Rajab fails to identify what he asserts that the magistrate judge failed to address in her report and recommendation.[4] *See generally* Docket 76; Docket 77. Additionally, Rajab failed to timely object to the report and recommendation, Docket 43 at 2-3, and the court, in adopting the report and recommendation, engaged in a de novo review of Rajab's habeas motion, which included consideration of the supplemental material Rajab submitted to the court, *see id.* at 4 (holding that "Rajab's § 2255 motion, as amended and supplemented by Dockets 3, 18, 23, 29, 36, and 37, is dismissed with prejudice").

Contrary to Rajab's assertions, the arguments raised in Rajab's Rule 60(b)(6) motion challenge the merits of his conviction. *See* Docket 73. For example, allegations of ineffective assistance of counsel are ones that contain a "claim." *See Ward*, 577 F.3d at 932 ("Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel."). "When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under [the Antiterrorism and Effective

---

[4] As support for his argument, Rajab attached the first page of the government's response at Docket 33, which cited to only Dockets 1, 7, and 23. Docket 74-1 at 1. But upon review of the government's response at Docket 33, it is apparent that the government addressed the grounds raised in Rajab's § 2255 motion. *See generally* Docket 33. Additionally, the report and recommendation fully considered Rajab's submitted supplemental material. *See* Docket 38 at 9-29 (addressing the twenty-seven grounds raised in Rajab's § 2255 motion and his supplemental materials).

6

Death Penalty Act]." *Id.* at 933. Because Rajab's Rule 60(b) motion contains a claim, it qualifies as a successive habeas petition.

District courts cannot consider a successive habeas petition unless the court of appeals first decides the petition raises a new claim that satisfies the requirements of § 2244(b)(2)—either by presenting a new rule of law or by showing actual innocence, as outlined in § 2244(b)(3). *Gonzalez*, 545 U.S. at 530. The record shows that Rajab has not obtained permission from the Eighth Circuit to file a successive habeas petition. As such, the court must deny Rajab's motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## II.    Untimely Rule 60(b) Motion

Even if Rajab's Rule 60(b) motion is liberally construed as challenging only the district court's failure to reach the merits and can therefore "proceed as denominated," *Gonzalez*, 545 U.S. at 533, Rajab's Rule 60(b) motion is untimely because he did not file the motion within a reasonable time after the court entered judgment. In general, the limitations period for a motion to vacate the judgment under Rule 60(b) begins once the district court has entered judgment in the matter. *See Jones v. Swanson*, 241 F.R.D. 625, 628 (D.S.D. 2007). "The clock is not tolled during the pendency of an appeal of the judgment because Rule 60(b) motions can be made even though an appeal has been taken and is pending." *Id.* (citations omitted). Here, the court entered judgment in favor of the United States and against Rajab on October 25, 2023. Docket 44. But Rajab did not file his Rule

7

60(b) motion until April 21, 2025—over roughly 17 months after judgment was entered. Docket 73. Rajab does not explain why it took him so long to file the motion, and the court can discern no mitigating circumstances that would justify the delay. *See Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (analyzing whether mitigating circumstances existed to render the delay reasonable after determining petitioner's Rule 60(b) motion was untimely).

Rajab's 17-month delay makes his Rule 60(b)(6) motion untimely. Indeed, several courts have concluded as much with similar or even shorter delays. *See In re Paredes*, 587 F. App'x 805, 824-25 (5th Cir. 2014) (per curiam) (affirming district court's holding that 17-month delay was unreasonable); *Wessinger v. Vannoy*, 2019 WL 6918226, at *16-17 (M.D. La. Dec. 19, 2019) (17-month delay deemed untimely); *Adams v. Hedgpeth*, 2014 WL 1795167, at *2 (C.D. Cal. Apr. 9, 2014) (emphasis omitted) (collecting cases and stating that "[d]istrict courts have found a delay of even 14 or 15 months before seeking relief from a judgment dismissing a habeas petition was unreasonable"); *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam) (holding district court did not abuse its discretion in concluding that an eight-month delay was not a reasonable time to file Rule 60(b)(6) motion); *Tredway v. Parke*, 1996 WL 117182, at *1 (7th Cir. Mar. 14, 1996) (affirming five-month delay as untimely). Because Rajab's Rule 60(b) motion was untimely, the court is without jurisdiction to entertain it. *See Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 373 (8th Cir. 1993).

## CONCLUSION

Thus, it is

ORDERED that Rajab's motion to consolidate (Docket 74) is granted. It is

FURTHER ORDERED that Rajab's motion for relief from judgment (Docket 73) is denied. It is

FURTHER ORDERED that Rajab's motion to stay pending resolution of his Rule 60(b)(6) motion (Docket 78) is denied as moot.

Dated January 27, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

9